# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4475 | **DATE** | 12/22/2011 |
| **CASE TITLE** | Heller vs. All Nations Worship Center, Inc. et al | | |

**DOCKET ENTRY TEXT**

Before the Court is Plaintiff's motion to remand [8]. Plaintiff, Fifth Third Bank, as successor plaintiff to Bruce Heller, not individually, but as Receiver under Case No. 10 CH 36076 in the Circuit Court of Cook County, argues that the Court should remand the case to the Circuit Court of Cook County because Scott Wallis is not a party and therefore was not authorized by law to remove the case to federal court. Additionally, Plaintiff asks for costs and attorneys' fees. For the reasons below, the Court grants Plaintiff's motion [8].

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

This case arises out of a mortgage foreclosure proceeding against the property located at 1210 Hunter Drive, Elgin, Illinois ("the Property") by Fifth Third Bank in the Circuit Court of Cook County. Crown Holdings was the owner and mortgagor of the Property, All Nations is a party to lease on the Property, and Scott Wallis & Associates, Inc. ("Wallis & Assoc.") is a subtenant of All Nations. While the foreclosure action was pending, Heller, in his capacity as Receiver filed a joint action to evict All Nations and Wallis & Assoc. on April, 18, 2011 in the "forcible action," Case No. 10 CH 36076. On April 20, 2011, the Circuit Court entered a final order confirming the foreclosure sale and awarding immediate possession of the Property to Fifth Third Bank. On May 13, 2011, Fifth Third Bank was substituted as Plaintiff in the forcible action. All Nations and Wallis & Assoc. were served with the summons and complaint in the forcible action on June 6, and June 15, 2011, respectively. The Circuit Court of Cook County denied Scott Wallis' motion to intervene in the state court mortgage foreclosure proceeding on February 14, 2011. He also filed a motion to intervene in the forcible matter. That motion is still pending.

On July 1, 2011, Scott Wallis, in his individual capacity and as a purported beneficiary of USA Baby, Inc.[1] filed a notice of removal [1], asserting that the Court has jurisdiction over the underlying action on diversity jurisdiction grounds and because the claims related to a pending bankruptcy case involving USA Baby, Inc. Fifth Third Bank subsequently brought a motion to remand [8]. Fifth Third Bank argues that remand is required because Scott Wallis is not a party to the forcible action. The Court agrees.

> [FN1] USA Baby, Inc. is a Wallis-related entity. USA Baby, Inc. filed a Chapter 11 bankruptcy petition on September 5, 2008. The bankruptcy case was converted to Chapter 7 by order entered February 11, 2009. The bankruptcy matter is still pending.

Only a party defendant may remove a case to federal court. See 28 U.S.C. § 1441(a) ("any civil action

brought in a State court . . . may be removed by the defendant or the defendants, to the district court"); 28 U.S.C. § 1446(a); 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action in a civil action . . ."). Under federal law, a "party" to an action is someone who has been named in the complaint and served. *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005). A non-party cannot remove a case to federal court. See *In re Mission Bay Ski & Bike, Inc.*, 2007 WL 4390331, *1-2 (N.D. Ill. Dec. 14, 2007) (citing *Housing Auth. of Atlanta v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973)); see also *Jacobs v. Houlihan*, 2006 WL 2604600, *2 (N.D. Ind. Sept. 6, 2006) (finding that non-party to an action cannot remove the action to federal court because "[t]he right to remove a case from state to federal court is vested exclusively in 'the defendant.'" 28 U.S.C. § 1441(a)). Neither Wallis nor USA Baby, Inc. is a party to the forcible action. In fact, the record shows that Wallis's effort to intervene in the foreclosure action has already been rejected by the state court and his motion to intervene in the forcible action is pending. As a non-party, Wallis cannot remove the case to federal court.

Plaintiff also asks for an award of costs and attorney fees under 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). The decision to award costs and fees rests within the district court's discretion. See *id*. at 137-39. The Seventh Circuit has instructed that "[a]s a general rule, if at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees. By contracts, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007).

In this case, the law is clear—only a party to a suit can remove an action. And as discussed above, Wallis is not a party. Thus, clearly established law demonstrated that Wallis had no basis for removal. In view of Wallis' pro se status, the Court invited Wallis in a July 25, 2011 minute order [10] to include in his response brief an explanation as to why—if Plaintiff's motion to remand was granted—attorneys' fees and costs should not be granted. Wallis offered no meaningful argument in that regard.

In sum, for the reasons discussed above, Plaintiff's motion to remand [8] is granted. In addition, because clearly established law demonstrated that Wallis had no basis for removal and Wallis has failed to provide any reason to deny costs and attorneys' fees, Plaintiff is awarded reasonable costs and attorneys' fees related to the removal and remand of this case. If the parties cannot agree as to an appropriate amount, Plaintiff must timely file a motion for costs and attorneys fees in accordance with Local Rule 54.3. See N.D. Ill. Loc. R. 54.3.